UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

JACKSON SAINTVIL,

                    Plaintiff,

    -v-

THE CITY OF NEW YORK and New York City Police Department Officers ("P.O.") JOHN DOEs, in their individual capacities,

                    Defendants.

------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

CV 14-3050

SUMMONS ISSUED

GLEESON, J.

REYES, M.J

Plaintiff JACKSON SAINTVIL, through his attorney David B. Rankin of Rankin & Taylor, PLLC and Michael L. Spiegel as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff JACKSON SAINTVIL's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis used unlawful force against him.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff JACKSON SAINTVIL ("SAINTVIL") was at all times relevant to this action a resident of the County of Kings in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officers ("P.O.") JOHN DOEs, or "individual defendants," are and were at all times relevant herein, officers, employees, and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

Case 1:14-cv-03050-JG-RER   Document 1   Filed 05/15/14   Page 3 of 5 PageID #: 3

12. The true name and shield numbers of defendants P.O. JOHN DOEs are not currently known to the plaintiff.[1] However, P.O. JOHN DOEs were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

13. On February 6, 2014, JACKSON SAINTVIL was injured by P.O. JOHN DOEs while in the defendants' custody at the Transit District 30 Stationhouse, located below 120 Schermerhorn Street in the County of KINGS and State of New York.

14. At shortly before 3:00 p.m. Mr. SAINTVIL was arrested for allegedly walking between Subway cars at the Lafayette Avenue Subway Station.

15. Mr. SAINTVIL was transported to the Transit District 30 Stationhouse, located below 120 Schermerhorn Street in the County of KINGS and State of New York.

16. P.O. JOHN DOEs assaulted Mr. SAINTVIL and fracturing his ankle.

17. After several hours Mr. SAINTVIL was released with a Desk Appearance Ticket.

18. As a result of the individual defendants' use of excessive force against him, Mr. SAINTVIL experienced pain and injury.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

19.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20.     Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, and failed to intercede, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution, including without limitation, deprivation of his constitutional right to freedom from unreasonable seizure of his person.

21.     Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

22.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. JOHN DOEs, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

25.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

27. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

    b. That he be awarded punitive damages against the individual defendants;

    c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d. For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
           May 13, 2014

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 1007
t: 212-226-4507

_____/s/_____
Michael L. Spiegel, Esq.
11 Park Place, Suite 914
New York, New York 10007
t: 212-587-8558
*Attorneys for the Plaintiff*

5